IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00958-PAB-MJW

HARVEY SENDER, in his capacity as the Bankruptcy Trustee for the Estate of Donald Root,

Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

Defendant.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Plaintiff's Motion to Amend the Complaint to Add a Claim for Punitive Damages  (docket no. 68) is GRANTED for the reasons stated below. The tendered Amended Complaint and Jury Demand (docket no. 68-1) is ACCEPTED for filing as of the date of this minute order.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires."  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).

As to Defendants' futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 (D. Colo. June 20, 2008).  In the General Steel case, Judge Ebel stated, in pertinent part: ". . . Defendants' futility argument seems to place the cart before the horse.  Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative [pleading] is in place."

Date: April 1, 2013